**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4322**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORNELL D. WALLACE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:18-cr-00044-FPS-JPM-3)

Submitted: January 22, 2020                      Decided: February 7, 2020

Before KING, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. Robert Hugh McWilliams, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornell D. Wallace appeals his 77-month sentence imposed following his guilty plea to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). Counsel for Wallace has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the district court's drug weight calculation and the reasonableness of Wallace's sentence. Although notified of his right to do so, Wallace has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

*Anders* counsel questions the propriety of the district court's drug weight finding, which we review for clear error, *see United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013). Under this standard, we will not reverse unless we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). When imposing sentence, a district court may "consider any relevant information before

2

it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted).

Here, the district court based its drug weight finding on hearsay statements from one of Wallace's codefendants, whom the court had sentenced previously. While the court largely credited the allegation that, for several weeks or months, Wallace sold cocaine out of the codefendant's residence, the court substantially reduced the drug quantity attributed to Wallace to account for the difficulty in determining historical drug weight with great precision. Based on our review of the record, we discern no clear error in the court's drug weight calculation.

Next, *Anders* counsel generally questions the reasonableness of Wallace's sentence. However, we conclude that the district court correctly calculated Wallace's Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, and considered the § 3553(a) factors in arriving at a downward variance sentence. Furthermore, nothing in the record rebuts the presumption of substantive reasonableness accorded Wallace's below-Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wallace's criminal judgment. This court requires that counsel inform Wallace, in writing, of the right to petition the Supreme Court of the United States for further review. If Wallace requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

3

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wallace.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*